IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES L. TINGLER,**

    **Plaintiff,**

    v.

**Case No. 2:25-cv-952**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

**CHIEF JUSTICE SHARON KENNEDY,** *et al.*,

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Charles L. Tingler's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff seeks injunctive and declaratory relief against each of the seven Justices of the Supreme Court of Ohio (collectively referred to herein as the "Supreme Court"), challenging Ohio Supreme Court Practice Rule 4.03(B) relating to vexatious litigators. (ECF No. 1-1.) Plaintiff primarily seeks the following relief:

> A. Declare that S.Ct.Prac.R. 4.03(B), as applied to original jurisdiction filings, violates the First Amendment and the Fourteenth Amendment on its face and as applied.
>
> B. Permanently enjoin Defendants and their officers, agents, and employees from enforcing any leave to file requirement under S.Ct.Prac.R. 4.03(B) that conditions my ability to institute original actions in the Supreme Court of Ohio on prior permission.
>
> C. Order removal of administrative flags or notations that would trigger leave screening for my future original jurisdiction filings and direct Defendants to instruct the Clerk to accept and docket my pleadings without a leave prerequisite.

(*Id.* at PAGEID #: 5.) By way of background, Plaintiff explains that, on March 2, 2023, the Supreme Court declared him a vexatious litigator, requiring him to seek leave before he institutes proceedings in that court. He further states that on June 20, 2025, the court granted him leave in a specific matter. According to Plaintiff, this "confirms the continuing operation of the leave regime and its ongoing burdens on my ability to petition." (*Id.* at PAGEID #: 3.)

The Court has its own background to add. Plaintiff previously challenged the Supreme Court's March 2023 finding that he was a vexatious litigator in an action initiated in this Court on March 6, 2023, *Tingler v. Kennedy*, Case No. 2:23-cv-911. That case, asserting a violation of Plaintiff's First Amendment rights, suggesting violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment, and seeking injunctive relief against each of

4

the seven Justices, was dismissed on October 12, 2023. (*See* ECF Nos. 5, 6 in Case No. 2:23-cv-911.)

Plaintiff's current action is directed to the same issues, albeit from a different angle. As noted, Plaintiff now attempts to frame his claims as challenges to the Supreme Court Rule of Practice underlying their finding that Plaintiff is a vexatious litigator. As the basis for his re-framing, Plaintiff cites what he deems as an "admission by Chief Justice Sharon L. Kennedy," that the imposed filing restrictions authorized by Supreme Court Practice Rule 4.03(B) conflict with Article IV, Section 2(B)(3) of the Ohio Constitution. (ECF No. 1-1 at 3.) Briefly, that Section of Ohio's Constitution prohibits the promulgation of rules "whereby any person shall be prevented from invoking the original jurisdiction of the supreme court." *Id.* In support of his Complaint, Plaintiff has attached an excerpt of Chief Justice Kennedy's concurring and dissenting opinion from one of the fourteen Table decisions issued by the Supreme Court on May 22, 2024, involving Ronald Bibb, also found to be a vexatious litigator under S.Ct.Prac.R. 4.03(B). *See Bibb v. Am. Elec. Power*, 2024-Ohio-1930, 174 Ohio St. 3d 1449.[1]

---

[1] *See also Bibb v. Austin*, 2024-Ohio-1922, 174 Ohio St. 3d 1423; *Bibb v. Republican Natl. Commt.,* 2024-Ohio-1922, 174 Ohio St. 3d 1423; *Bibb v. Off. of Clerk, United States Ct. of Appeals for Sixth Cir.,* 2024-Ohio-1922, 174 Ohio St. 3d 1423; *Bibb v. Franklin Cty. Jury Comm.,* 2024-Ohio-1935, 174 Ohio St. 3d 1471; *Bibb v. OhioHealth Grant Med. Ctr.,* 2024-Ohio-1927, 174 Ohio St. 3d 1435; *Bibb v. State Med. Bd.,* 2024-Ohio-1928, 174 Ohio St. 3d 1440*; Bibb v. Klein,* 2024-Ohio-1932, 174 Ohio St. 3d 1458; *Bibb v. Kentucky Dep't of Tourism*, 2024-Ohio-1929, 174 Ohio St. 3d 1444*; Bibb v. United States Steel*, 2024-Ohio-1923, 174 Ohio St. 3d 1426*; Bibb v. Kegler, Brown, Hill & Ritter Co., L.P.A.,* 2024-Ohio-1934, 174 Ohio St. 3d 1467; *Bibb v. Off. of Disciplinary Couns.*, 2024-Ohio-1931, 174 Ohio St. 3d 1453; *Bibb v. Coldwell Banker*, 2024-Ohio-1926, 174 Ohio St. 3d 1431; *Bibb v. Franklin Cty. Prob. Ct.,* 2024-Ohio-1933, 174 Ohio St. 3d 1462.

As relevant here, in her opinion, Chief Justice Kennedy had this to say about the Supreme Court's filing restrictions:

> Article IV, Section 2(B)(3) of the Ohio Constitution is straightforward: "No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court."
>
> …
>
> Today and in the past, this court has imposed filing restrictions on relators, ordering them to be "prohibited from continuing or instituting legal proceedings in this court without first obtaining leave." See, e.g., *State ex rel. Tingler v. Franklin Cty. Prosecutor's Office*, 169 Ohio St.3d 1451, 2023-Ohio-641, 204 N.E.3d 554. We were wrong to do that, and I was wrong to join those decisions. Those orders contravened Article IV, Section 2(B)(3), which broadly safeguards the right of "any person" to invoke the original jurisdiction of this court. "'Any person' means every person" (emphasis sic), *State v. Wells*, 146 Ohio St. 131, 137, 64 N.E.2d 593 (1945), including those who engage in frivolous litigation. And this court has recognized that the language of Article IV, Section 2(B)(3) "will not permit this court either to adopt or adhere to a rule which requires permission to invoke the exercise of its original jurisdiction." *State ex rel. Toledo v. Lynch*, 87 Ohio St. 444, 449, 101 N.E. 352 (1913).

*Id.,* 2024-Ohio-1930, ¶¶ 9, 13.

From the focus of Chief Justice Kennedy's dissent, Plaintiff extrapolates the following:

> Given that the state constitution forbids rules that prevent any person from invoking the Supreme Court's original jurisdiction, ongoing enforcement of a prior permission regime burdens a fundamental right to petition and denies equal access to a state tribunal. That burden violates the Fourteenth Amendment because it restricts speech and petitioning without narrow tailoring and without adequate process, and it does so under color of state law.

(ECF No. 1-1 at PAGEID #: 8.)

Against this backdrop, Plaintiff now asserts the following claims under 42 U.S.C. § 1983, restated here verbatim:

**Count I First Amendment Petition Clause and Free Speech, via 42 U.S.C. § 1983**

Petitioning courts is protected expression. Conditioning access to the Supreme Court of Ohio's original jurisdiction on prior leave is a prior restraint. The rule is not narrowly tailored to a compelling interest and lacks required procedural safeguards. It violates the Petition Clause and Free Speech Clause on its face and as applied.

**Count II Procedural Due Process, Fourteenth Amendment, via 42 U.S.C. § 1983**

The rule deprives me of liberty interests in petitioning and court access without adequate procedures. It authorizes standardless discretion, lacks prompt and reasoned decisions, and provides no meaningful review.

**Count III Equal Protection, Fourteenth Amendment, via 42 U.S.C. § 1983**

The rule discriminates against a class of speakers labeled vexatious by imposing unique barriers to court access that others do not face. The classification burdens fundamental rights and cannot survive strict scrutiny. It also fails rational basis because less restrictive, case specific tools exist.[2]

Initially, despite his efforts to distinguish, Plaintiff's claims are barred by the doctrine of res judicata.[3] Res judicata or "claim preclusion prevents parties from raising issues that could

---

[2] Plaintiff also includes a Fourth Count for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202. The Declaratory Judgment Act, however, does not provide an independent cause of action. *Kelly v. Valeo N. Am., Inc.*, No. 2:24-CV-11066-TGB-KGA, 2025 WL 933943, at *8 (E.D. Mich. Mar. 27, 2025) (citing *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). "This is because a declaratory judgment is a remedy, not an independent claim." *Id*. (citing *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021)). "[I]n order to be entitled to declaratory judgment, a plaintiff 'must first succeed on a cognizable cause of action.'" *Id*. (quoting *Hancock v. Miller*, No. 2:19-CV-00060, 2020 WL 1493609, at *22 (M.D. Tenn. Mar. 27, 2020)).

[3] Plaintiff's claims are also likely barred by the statute of limitations. By Plaintiff's own explanation, the Supreme Court applied the Rule he challenges here to deem him a vexatious litigator on March 2, 2023. "'In Ohio, causes of action premised upon 42 U.S.C. § 1983 are subject to a two-year statute of limitations.'" *Boyer v. Clinton Cnty. Sheriff's Off.*, 645 F. Supp. 3d 815, 821 (S.D. Ohio 2022) (quoting *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017)). Plaintiff initiated this action on August 21, 2025. For his part, Plaintiff attempts to circumvent this fact by citing to a recent screening undertaken by the Supreme Court on June 20, 2025. *See* ECF No. 1-1 at 3, 23. Because there are several other bases on which to recommend dismissal of Plaintiff's complaint here, the Undersigned will not undertake an in-depth statute of limitations analysis.

have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020). Parties may not "relitigat[e] the same 'claim' or 'cause of action,' even if certain issues were not litigated in the prior action." *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021). "Suits involve the same claim or cause of action if the later suit arises from the same transaction or involves a common nucleus of operative facts." *Id.* (internal quotations omitted).

In the Sixth Circuit, claims are barred by res judicata if four elements are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Trs. of Operating Eng'rs Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380 (6th Cir. 2019) (citations and quotations omitted).

"If a claim is barred by the doctrine of *res judicata*, '[t]he weight of authority supports dismissal for failure to state a claim.'" *Turner v. DeJoy*, No. 221CV02223SHLATC, 2022 WL 1817752, at *4–5 (W.D. Tenn. Mar. 15, 2022), *report and recommendation adopted,* No. 221CV02223SHLATC, 2022 WL 1813910 (W.D. Tenn. June 2, 2022) (quoting *Owens v. Shelby Cnty. Sch. Bd. of Educ.*, No. 2:18-cv-02345-JTF-dkv, 2018 WL 4374238, at *8 (W.D. Tenn. Jul. 18, 2018), *report and recommendation adopted*, 2018 WL 4179076 (W.D. Tenn. Aug. 31, 2018) (collecting Sixth Circuit cases affirming Rule 12(b)(6) dismissal based on res judicata)). "Courts are 'empowered to raise res judicata sua sponte ... in the interests of, *inter alia*, the promotion of judicial economy.'" *Id.* (quoting *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (citations omitted)). Finally, "*res judicata* is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2)." *Id.* (citing *Smith v. Morgan*, 75 F. App'x 505, 506 (6th Cir. 2003) (affirming dismissal "pursuant

8

to § 1915(e) because the doctrine of res judicata bars consideration of the instant complaint") and *Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007) (affirming dismissal based on *res judicata* pursuant to § 1915(e) because the plaintiff "could have made all of the same allegations and claims he makes in his current lawsuit in that earlier second lawsuit")).

Here, the first element of res judicata is satisfied because a final decision on the merits was entered in Plaintiff's prior case. *See Tingler v. Kennedy*, No. 2:23-CV-911, 2023 WL 5509517, at *1 (S.D. Ohio Aug. 25, 2023), *report and recommendation adopted*, No. 2:23-CV-0911, 2023 WL 6646598 (S.D. Ohio Oct. 12, 2023). Dismissal under § 1915(e)(2) constitutes a final decision on the merits. *See Davis v. Butler Cnty., Ohio*, 658 Fed. App'x 208, 213 (6th Cir. 2016) (noting that "dismissal under § 1915(e) operates as an adjudication on the merits only as to future complaints filed *in forma pauperis*"). The second element is satisfied because Plaintiff filed the prior case against the then sitting justices of the Supreme Court seeking injunctive relief. *Id.* The third element is satisfied because Plaintiff's previous case involved the same issue, whether Plaintiff's constitutional rights by the Supreme Court's finding that he is a vexatious litigator. Finally, the fourth element is satisfied because Plaintiff raises the same First and Fourteenth Amendment constitutional challenges raised in his previous action to attack the same vexatious litigator finding in this case.

Further, even if Plaintiff's current angle, attacking S.Ct.Prac.R. 4.03(B), somehow would render res judicata inapplicable, his claims here still would fail. The starting point of any analysis is the Supreme Court Rule itself, which provides:

> If a party habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A) of this rule, the Supreme Court may, sua sponte or on motion by a party, find the party to be a vexatious litigator. If the Supreme Court determines that a party is a vexatious litigator under division (A) of this rule, the

9

court may impose filing restrictions on the party. The restrictions may include prohibiting the party from continuing or instituting legal proceedings in the Supreme Court without first obtaining leave, prohibiting the filing of actions in the Supreme Court without the filing fee or security for costs required by S.Ct.Prac.R. 3.04 and 3.05, or any other restriction the Supreme Court considers just.

S.Ct.Prac.R. 4.03(B). The Supreme Court has described its authority under that Rule in this way:

We may declare a party to be a vexatious litigator if he has "habitually, persistently, and without reasonable cause" engaged in frivolous conduct. *Id.* Habitual and persistent frivolous conduct may occur in a single case before the court. This understanding of S.Ct.Prac.R. 4.03(B) is consistent with the vexatious-litigator statute applicable to conduct in Ohio's courts of appeals and trial courts. *See* R.C. 2323.52(A)(3) (defining "vexatious litigator" to include any person "who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in *a civil action or actions*" [emphasis added]); *see also Farley v. Farley*, 2003-Ohio-3185, 2003 WL 21405558, ¶ 48 (10th Dist.) (noting that under R.C. 2323.52(A)(3), "the finding that a person is a vexatious litigator can be based upon his or her behavior in a single civil action or multiple civil actions").

*State ex rel. Ware v. Vigluicci*, 2024-Ohio-5492, 177 Ohio St. 3d 381, 383–84.

Notably, Section 2323.52 of the Ohio Revised Code, the statute governing Ohio's lower courts, is not new to this Court. As this Court has explained, that statute does not pose an absolute bar to litigation.[4] *Id.* "'Instead, it establishes a screening mechanism under which the vexatious litigator can petition the declaring court, on a case-by-case basis, for a determination of whether any proposed action is abusive or groundless.'" *Brock v. Att'y Gen. of The State of Ohio, Mike Dewine,* No. 2:15-CV-3050, 2015 WL 9478195, at *1–2 (S.D. Ohio Dec. 29, 2015), *report and recommendation adopted sub nom. Brock v. Att'y Gen. of the State of Ohio,* No. 2:15-CV-3050, 2016 WL 2621991 (S.D. Ohio May 5, 2016) (citing O.R.C. § 2323.52(D)(1)(a), (b), (3)). (quoting *Mayer v. Bristow*, 91 Ohio St. 3d 3, 15 (2000)). The same can be said of the Supreme Court Rule Plaintiff challenges here based on its plain language. Accordingly, the

---

[4] Indeed, it did not operate as a bar to Plaintiff's ability to "commence proposed writs of mandamus, prohibition and habeas corpus" for which he sought leave on June 16, 2025. ECF No. 1-1 at 23.

10

Court's analysis relying on *Hall v. Callahan*, 727 F.3d 450 (6th Cir. 2013), applied in rejecting Plaintiff's previous challenge to the Supreme Court's ruling that he is a vexatious litigator, applies equally here.

Plaintiff's reliance on what he characterizes as Justice Kennedy's "admission" as the impetus for his current claims does nothing to change that.  This is so because, most simply, as a dissenting opinion, it cannot be found to have any binding impact warranting consideration here. *See generally Sanders v. Wayne State Univ.,* No. 22-12025, 2023 WL 6035570, at *3 (E.D. Mich. Aug. 9, 2023), *report and recommendation adopted,* No. 22-CV-12025, 2024 WL 340812 (E.D. Mich. Jan. 30, 2024) (recognizing the non-binding nature of dissenting opinions).  Equally fundamental, to the extent Justice Kennedy reasoned that S.Ct.Prac.R. 4.03(B) violates the Ohio Constitution, that document is one of independent force and may afford greater rights than those secured by the U.S. Constitution.  *State v. Mole*, 2016-Ohio-5124, 149 Ohio St. 3d 215. Plaintiff's claims here, brought pursuant to 42 U.S.C. § 1983, seek remedies based on alleged violations of the U.S. Constitution.  *Gammarino v. Sycamore Twp.,* No. 1:22-CV-200, 2024 WL 760097, at *4 (S.D. Ohio Jan. 22, 2024), *aff'd sub nom. Gammarino v. Sycamore Twp., OH*, No. 24-3149, 2025 WL 674222 (6th Cir. Mar. 3, 2025) (42 U.S.C. § 1983 creates a private cause of action to remedy violations of the United States Constitution not the Ohio Constitution).

Moving on more specifically to Plaintiff's claims, he seeks, in part, a declaration that S.Ct.Prac.R. 4.03(B) is facially unconstitutional for violating the First and Fourteenth Amendments.  In *Hall,* the Sixth Circuit rejected these same arguments when directed to Section 2323.52 of the Ohio Revised Code.

As for a First Amendment claim, the Sixth Circuit noted, "although access to courts is a fundamental right, the ability to file frivolous lawsuits is not." *Hall*, 727 F.3d at 456 (citing *Bill*

11

*Johnson's Rests. v. NLRB*, 461 U.S. 731, 743 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (citations omitted)). Because "vexatious conduct is not protected by the First Amendment," and because vexatious litigators are not banned from filing future lawsuits "as long as those lawsuits have merit," the Court held that § 2323.52 did not infringe upon the First Amendment. *Id.* at 456-457.

The *Hall* Court also rejected the argument that Ohio's vexatious litigator statute violated the Due Process Clause, for two reasons. *Id.* at 457. First, Ohio's vexatious litigator statute "does not arbitrarily and capriciously deprive citizens of a constitutionally protected liberty or property interest," because it is "rationally related to legitimate ends, so it is not arbitrary." *Id.* (citing *Grundstein v. Ohio*, No. 1:06-cv-2381, 2006 WL 34999990, at *6; *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 227, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985)). And second, the statute "also restrains narrowly only the conduct it seeks to prohibit, by providing a mechanism by which even vexatious litigants can file meritorious actions." *Id.*

Finally, the *Hall* Court held that the argument that Ohio's vexatious litigator statute violated the Equal Protection Clause "clearly has no merit," because Plaintiff had failed to "demonstrate that a discrimination of some substance has occurred which has not occurred against other individuals who were similarly situated." *Id.* (citing *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).

Additional reasoning in *Hall* also forecloses Plaintiff's as-applied constitutional challenge to S.Ct.Prac.R. 4.03(B). To the extent Plaintiff seeks a declaration that the Rule is unconstitutional as applied in his prior state court proceeding and seeks relief from that judgment, such a claim is barred by the *Rooker-Feldman* doctrine. That doctrine limits this

Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (internal quotation marks and citations omitted).

Plaintiff's attempt to pre-empt application of this doctrine is to no avail. His claim that he is not seeking review of a specific judgment but bringing only a general challenge is belied by his requested relief. (ECF No. 1-1 at 4, 5.) For example, at paragraph B of his Request for Relief, he seeks his release from continued vexatious litigator restrictions. Further, he requests that this Court direct the Supreme Court "to instruct the Clerk to accept and docket [his] pleadings without a leave prerequisite." (*Id*. at 5 ¶ C.) These are nothing but requests that this Court reject the Supreme Court's judgment. Accordingly, to the extent Plaintiff seeks this relief, his claim is plainly barred by *Rooker-Feldman* and should be dismissed.

13

For these reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

       **IT IS SO ORDERED**.

**Date:  October 1, 2025**　　　　　　　　　　　　**/s/** *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**