**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHARLES L. TINGLER,**

      **Plaintiff,**

      **v.**

**CHIEF JUSTICE SHARON**
**KENNEDY,** *et al.*,

      **Defendants.**

                          **Case Number 2:25-cv-952**
                          **JUDGE EDMUND A. SARGUS, JR.**
                          **Magistrate Judge Elizabeth P. Deavers**

## <u>OPINION AND ORDER</u>

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 3.) After reviewing Plaintiff Charles L. Tingler's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint. (*Id.*) Plaintiff filed a timely Objection to the Order and Report and Recommendation. (ECF No. 4.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES in part** and **SUSTAINS in part** Plaintiff's Objection (ECF No. 4) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation with slight modification to the reasoning. (ECF No. 3).

## BACKGROUND

Plaintiff, proceeding *pro se*, challenges the constitutionality of Ohio Supreme Court Practice Rule 4.03(B) and seeks injunctive and declaratory relief against the Supreme Court of Ohio. (ECF No. 1-1.) Plaintiff is an Ohio resident whom the Supreme Court of Ohio declared to be a vexatious litigator on March 2, 2023. (*Id.* PageID 7–8.) The Supreme Court of Ohio found Mr. Tingler "to be a vexatious litigator under S.Ct.Prac.R. 4.03(B)" and prohibited him "from

continuing or instituting legal proceedings in this court without first obtaining leave." *State ex rel. Tingler v. Franklin Cnty. Prosecutor's Off.*, 204 N.E.3d 552 (Table) (Ohio 2023).

Plaintiff alleges that Rule 4.03(B) violates his First Amendment rights to petition and free speech and his Fourteenth Amendment rights to due process and equal protection by requiring him to obtain permission before instituting proceedings in the Supreme Court of Ohio. (*Id.*) Rule 4.03(B) provides:

> The Supreme Court, of its own initiative or on motion by a party, may declare a party or person who signed a filing to be a vexatious litigator if the party or person who signed a filing habitually or persistently engaged in conduct warranting sanctions under Rule 4.03(A) whether or not the Court exercised its discretion to impose such sanctions. The Court in any pending or future case may impose upon a vexatious litigator any restriction on filing with the Court that the Court considers just. Such restrictions include requiring leave of Court to file a document and prohibiting the filing of actions in the Supreme Court without the filing fee or security for costs required by Rules 3.04 and 3.05.

Ohio S. Ct. Prac. R. 4.03(B).

The Magistrate Judge concluded that Plaintiff's Complaint should be dismissed for various reasons. (ECF No. 3.) First, Plaintiff's claims are barred by the doctrine of res judicata because Plaintiff challenged the constitutionality of the Supreme Court of Ohio's finding that he is a vexatious litigator in this Court in 2023. (*Id.* PageID 88–90.) Second, Plaintiff's claims fail on the merits because the Sixth Circuit rejected the same arguments Plaintiff makes here when analyzing Section 2323.52 of the Ohio Revised Code, which creates a screening process that vexatious litigators must follow before filing suit in Ohio's lower courts. (*Id.* PageID 90–93.) Third, Plaintiff's requested relief is barred by the *Rooker-Feldman* doctrine, which limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. (*Id.* PageID 93–94.)

2

Accordingly, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted. (*Id.* PageID 95.) The Magistrate Judge also recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith and deny Plaintiff leave to appeal *in forma pauperis*. (*Id.*)

Plaintiff filed a timely Objection to the Report and Recommendation on October 9, 2025. (ECF No. 4.) Plaintiff objects to the Report and Recommendation on four grounds. (*Id.*) First, Plaintiff argues that claim preclusion does not apply because the instant lawsuit rests on new facts and requests a different form of relief than his 2023 lawsuit. (*Id.* PageID 97–98.) Second, Plaintiff argues that the *Rooker-Feldman* doctrine does not bar his claims because he seeks prospective relief related to the enforcement of Rule 4.03(B) and is not asking this Court to vacate or review his 2023 designation as a vexatious litigator. (*Id.* PageID 98–99.) Third, Plaintiff argues that the Magistrate Judge's reliance on *Hall v. Callahan*, 727 F.3d 450 (6th Cir. 2013) and *Mayer v. Bristow*, 740 N.E.2d 656 (Ohio 2000) is misplaced because those cases did not address Rule 4.03(B), which Plaintiff challenges in this lawsuit. (ECF No. 4, PageID 99–100.) Fourth, Plaintiff argues that sovereign immunity does not prevent him from seeking the prospective declaratory and injunctive relief he requests pursuant to *Ex parte Young*, 209 U.S. 123 (1908). (ECF No. 4, PageID 100.)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

3

72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims sua sponte. *Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Complaints must also satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standards that the Supreme Court has articulated governing dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply to 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont Cnty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Still, "a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

**ANALYSIS**

## I.      Objection 1: Claim Preclusion

Plaintiff argues that claim preclusion does not bar his claims because the instant lawsuit rests on new facts and requests a different form of relief than his 2023 lawsuit. (ECF No. 4, PageID 97–98.) As support for this argument, Plaintiff states that (1) new decisions related to leave-to-file restrictions were issued in 2024, including a dissent by Chief Justice Kennedy that indicates Rule 4.03(B) does not comport with the Ohio Constitution, and (2) the Supreme Court of Ohio granted Plaintiff leave to file in a specific matter in June 2025. (*Id.* PageID 98.) Plaintiff also argues that this case differs from his 2023 lawsuit because it challenges Rule 4.03(B)'s restrictions on invoking the Supreme Court of Ohio's original jurisdiction and seeks a prospective remedy. (*Id.*)

5

"Pursuant to the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). The doctrine exists "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate[,] protects . . . adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153–54. Res judicata applies if the following elements are met:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

The Court agrees with the Magistrate Judge that the doctrine of res judicata bars Plaintiff's claims. "Where the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Wilson v. Strickland*, 333 F. App'x 28, 30 (6th Cir. 2009) (quoting *Holder v. City of Cleveland*, 287 F. App'x 468, 470–71 (6th Cir. 2008)). Both Plaintiff's 2023 lawsuit in this Court and the instant lawsuit arise out his vexatious litigator designation.

In 2023, Plaintiff sued the then-sitting justices of the Supreme Court of Ohio, claiming that his vexatious litigator designation violated his constitutional rights. *See generally Tingler v. Kennedy*, No. 2:23-cv-911, 2023 WL 5509517 (S.D. Ohio Aug. 25, 2023), *report and recommendation adopted*, 2023 WL 6646598 (S.D. Ohio Oct. 12, 2023). This Court dismissed that case in October 2023 pursuant to 28 U.S.C. § 1915(e)(2). *Id.* Here, Plaintiff challenges the

6

requirement that he obtain leave before filing an action in the Supreme Court of Ohio due to his status as a vexatious litigator. (ECF No. 1-1.) Both lawsuits are based on the Supreme Court of Ohio's March 2023 Order declaring Mr. Tingler vexatious. Plaintiff cannot challenge the leave-to-file requirement from the Supreme Court of Ohio's Order and Rule 4.03(B) in this lawsuit— those issues should have been litigated in his 2023 lawsuit. The points that Plaintiff makes in his objection—that more cases have addressed Ohio's leave-to-file rules since his previous lawsuit and that the Supreme Court of Ohio granted Plaintiff leave to file in a specific matter in June 2025—do not change this analysis. Therefore, the claims at issue in this lawsuit have been litigated or could have been litigated between the parties previously and res judicata bars Plaintiff's claims. As such, Plaintiff's first objection is **OVERRULED**.

## II.     Objection 2: *Rooker-Feldman* Doctrine

Plaintiff argues that the *Rooker-Feldman* doctrine does not bar his claims because he is not asking this Court to vacate or review his 2023 vexatious litigator designation, rather, he is requesting prospective relief. (ECF No. 4, PageID 98–99.)

This doctrine, named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prevents federal courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). When considering whether the *Rooker-Feldman* doctrine bars a claim, the "pertinent question" is "whether the 'source of the injury' upon which plaintiff bases his federal claim is the state-court

judgment." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (quoting *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008)).

The Sixth Circuit's decision in *Evans v. Cordray*, 424 F. App'x 537 (6th Cir. 2011), is instructive. There, an Ohio state court held that Mr. Evans was a vexatious litigator and prohibited him from instituting or continuing actions in Ohio's state courts without first obtaining leave pursuant to Ohio Revised Code § 2323.52. *Id.* at 538. Mr. Evans filed suit in federal court challenging the constitutionality of the leave-to-file requirement in Ohio Revised Code § 2323.52 and requesting prospective relief. *Id.* at 538, 540–41. The Sixth Circuit explained that *Rooker-Feldman* did not apply because, "[a]lthough the § 2323.52 order . . . required Evans to seek leave to litigate or continue litigating in the Ohio courts, and is thus in some sense a source of his injury here, Evans is not seeking relief from that *judgment*—he does not contest the state court's determination that he is a vexatious litigator." *Id.* at 541. Similarly, here, Plaintiff does not contest the state court's determination that he is a vexatious litigator and, instead, requests various forms of prospective relief, such as a declaration that Rule 4.03(B) is unconstitutional and a permanent injunction prohibiting Defendants from enforcing Rule 4.03(B) against him. (ECF No. 2, PageID 63.) Therefore, Plaintiff's second objection is **SUSTAINED**.

III. **Objection 3: Magistrate Judge's Reliance on *Hall v. Callahan*, 727 F.3d 450 (6th Cir. 2013) and *Mayer v. Bristow*, 740 N.E.2d 656 (Ohio 2000)**

Plaintiff argues that the Magistrate Judge's reliance on *Hall v. Callahan*, 727 F.3d 450 (6th Cir. 2013) and *Mayer v. Bristow*, 740 N.E.2d 656 (Ohio 2000) to dispose of his First Amendment, Due Process, and Equal Protection claims is misplaced because those cases did not address the constitutionality of Rule 4.03(B). (ECF No. 4, PageID 99–100.) Instead, they addressed the constitutionality of Ohio's vexatious litigator statute as applied in trial and appellate courts, says Plaintiff. (*Id.*)

8

The Magistrate Judge properly analogized to *Hall* and *Mayer* in her Report and Recommendation. In *Hall*, the Sixth Circuit rejected First Amendment and Fourteenth Amendment challenges to Ohio Revised Code § 2323.52, which requires vexatious litigators to obtain permission before filing lawsuits in Ohio's lower courts, because the statute "does not prevent vexatious litigators from filing future lawsuits as long as those lawsuits have merit." 727 F.3d at 456–57. For similar reasons, the Supreme Court of Ohio concluded in *Mayer* that "R.C. 2323.52 is not arbitrary or unreasonable, nor does it deny vexatious litigators their constitutional right of access to the courts." 740 N.E.2d at 666–67. Like Ohio Revised Code § 2323.52, Rule 4.03(B) authorizes filing restrictions with respect to vexatious litigators. Specifically, Rule 4.03(B) permits the Supreme Court of Ohio to impose restrictions on vexatious litigators, such as requiring the individual to obtain leave before filing a document or to pay the filing fee or security for costs before filing an action. Here, Mr. Tingler has not been denied complete access to the Supreme Court of Ohio, instead, he must obtain leave before initiating a lawsuit there. Therefore, the Court is not persuaded by Plaintiff's attempt to distinguish *Hall* and *Mayer* or his objection to the Magistrate Judge's reliance on those cases. Therefore, Plaintiff's third objection is **OVERRULED**.

## IV. Objection 4: Sovereign Immunity and *Ex parte Young*, 209 U.S. 123 (1908)

Plaintiff argues that sovereign immunity does not bar his claims because he seeks prospective declaratory and injunctive relief, which is permitted under *Ex parte Young*, 209 U.S. 123 (1908). (ECF No. 4, PageID 100.) The Magistrate Judge did not address sovereign immunity or *Ex parte Young* in her Report and Recommendation or conclude that it bars Plaintiff's claims. (*See generally* ECF No. 3.) Instead, the Magistrate Judge recommended dismissal based on other grounds, discussed above. Therefore, Plaintiff's fourth objection is **OVERRULED**.

In sum, the Court overrules Plaintiff's first, third, and fourth objections and sustains Plaintiff's second objection. The Court adopts and affirms the Magistrate Judge's Order and Report and Recommendation in full, apart from the *Rooker-Feldman* analysis. (ECF No. 3, PageID 93–94.) The Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES in part** and **SUSTAINS in part** (ECF No. 4) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 3) the Magistrate Judge's Order and Report and Recommendation with slight modification to the reasoning. The Court **DISMISSES** Plaintiff's Complaint. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Order adopting the Magistrate Judge's Report and Recommendation would not be taken in good faith and therefore may not be taken *in forma pauperis*.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff Charles L. Tingler at 302 E 22nd Street, Apt. B, Defiance, OH 43512.

**IT IS SO ORDERED.**

**4/6/2026**                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**